UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**PEJMAN KARSHENAS NAJAFABADI**

**VERSUS**                                                                                     **CIVIL ACTION**

**U.S. IMMIGRATION AND CUSTOMS**                          **No. 25-1016-JWD-EWD**
**ENFORCEMENT; KEVIN JORDAN;**
**PAM BONDI**

### ORDER

Before the Court is a Petition of Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed by Pejman Karshenas Najafabadi ("Petitioner"), who is representing himself. Petitioner states that he is an immigration detainee in the custody of the Department of Homeland Security/U.S. Immigration and Customs Enforcement ("DHS/ICE") and is currently incarcerated at the Louisiana State Penitentiary immigration detention camp ("Angola" or "Camp 57"). Petitioner alleges that his continued detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and requests immediate release from detention.

For the Court to determine what action to take, if any, on this Petition,

**IT IS ORDERED** that the Clerk of this Court is requested and directed to serve, by certified mail or other means which provides tracking and delivery confirmation, a copy of: (1) the Petitioner's application, (2) all papers filed therewith, and (3) this Order on the following: (a) the United States through the Attorney General; the U.S. Attorney for the Middle District of Louisiana; and DHS/ICE Office of General Counsel; and (b) the Warden of the Angola Camp 57 immigration detention center (currently Defendant Kevin Jordan).

**IT IS FURTHER ORDERED** that the respondent(s) shall file a response to the petition together with a memorandum of legal authorities in support of said response within **thirty (30)**

*United States through the Attorney General - Certified Mail # 9589 0710 5270 1607 9436 50*
*U.S. Attorney for the Middle District of Louisiana - Certified Mail #9589 0710 5270 1607 9436 67*
*DHS/ICE Office of General Counsel - Certified Mail #9589 0710 5270 1607 9436 74*
*Warden of the Angola Camp 57 Immigration Detention Center - Certified Mail #9589 0710 5270 1607 9436 81*

**days** of service of this Order. In answer, the respondent(s) shall provide the Court with competent summary judgment evidence indicating whether there is a significant likelihood of removal in the reasonably foreseeable future, or whether Petitioner's detention is otherwise lawful.[1] This evidence shall include information regarding the length of time that Petitioner has been in post-removal-order custody, the date on which Petitioner's removal order became final, any administrative decisions relating to Petitioner's request for bond, and all documents relevant to the efforts made by immigration officials to obtain travel documents for Petitioner.

Finally, **IT IS ORDERED** that Petitioner will have **thirty (30) days** after the respondent(s) response is filed in which Petitioner may file a reply brief or any evidence to support his habeas petition.

After these deadlines have passed and the record is complete, the Court will determine if genuine issues of material fact exist—that is, whether there are disagreements over facts rather than law—and if an evidentiary hearing is necessary. If no hearing is needed, the undersigned will issue a Report and Recommendation without further notice.

Signed in Baton Rouge, Louisiana, on November 14, 2025.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] While relevant to the inquiry as to whether Petitioner's detention is lawful, a post-removal-order period of greater than 90 days but less than 6 months should not be the sole evidence provided. *See, e.g., Ali v. Dep't of Homeland Sec.*, 451 F.Supp.3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits.").